IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JIMMY EARL KIMBLE**                                                                      **PLAINTIFF**

**V.**                                           **NO. 3:14CV00230-MPM-JMV**

**CAROLYN COLVIN,**
**Acting Commissioner of Social Security**                                     **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying claims for a period of disability and Disability Insurance Benefits and for Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

Consistent with the court's ruling from the bench during oral argument, the court finds the ALJ's residual functional capacity assessment and Step 4 determination are not supported by substantial evidence in the record and that the case should be reversed and remanded for an award of benefits for the reasons that follow.

The ALJ found the claimant had a residual functional capacity ("RFC") for medium work and was further limited by his ability to only occasionally perform certain postural maneuvers and by certain mental limitations. However, no medical evidence in the record supports the ALJ's conclusion that the claimant could perform work at the medium exertional level. *See Frank v. Barnhard*, 326 F.3d 618, 622 (5th Cir. 2003) (citing *Schmidt v. Sullivan*, 914 F.2d 117,

118 (7th Cir. 1990), as authority for the position that ALJ's may not "play doctor" and make their own independent medical assessments). On the contrary, every medical opinion considered by the ALJ contradicts this conclusion. Notably, the ALJ rejected the opinion of Dr. Robert Shearin who performed a consultative physical examination of Plaintiff in September 2011 and who essentially assessed Plaintiff at the sedentary exertional level of work because "Dr. Shearin expressly based his assessment of the claimant's inability to perform any frequent lifting unpersuasively upon the claimant's successful lifting and carrying of a twelve-pound briefcase" and because Dr. Shearin "noted . . . that his diagnoses in this case were only 'partly' confirmed by objective findings." The court finds these reasons expressed by the ALJ do not jibe with the findings as presented in Dr. Shearin's report and medical source statement, and Dr. Shearin's opinion is not otherwise contradicted by credible evidence. *But see Newton v. Apfel*, 209 F.3d 448, 455-56 (5th Cir. 2000) (an ALJ may reject any physician opinion when the evidence supports a contrary conclusion).

Indeed, the only other significant RFC assessment by a physician in the record was that of Dr. Robert Culpepper, a non-examiner. Dr. Culpepper assessed the claimant at the light exertional level, and the ALJ attributed "some" weight to this opinion. However, not only did Dr. Culpepper's 2010 RFC assessment conflict with an examining physician's opinion, it was based on an incomplete review of the medical evidence. Notably, in comments to his RFC assessment, Dr. Culpepper stated that "no radiographic examination" had been done with regard to Plaintiff's rotator cuff disease. This statement, of course, is directly contradicted by a May 2009 record from Oxford Orthopaedics & Sports Medicine Clinic indicating that a "[s]houlder MRI showed a rotator cuff strain and a possible labral tear." Therefore, Dr. Culpepper's

assessment does not rise to the level of substantial evidence on which a finding of not disabled could be based.  *See Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (holding ALJ may properly rely upon non-examining physician findings only when they are based on a careful evaluation of the medical evidence and do not contradict findings of examining physicians).

      Ultimately, the court finds Dr. Shearin's consultative examination report and medical source statement support the conclusion that during the relevant period the claimant could only perform work at the sedentary exertional level.  Therefore, because the record indicates the claimant was 50 years old on the day of the administrative hearing; had a limited education; and lacked transferable skills, pursuant to Medical Vocational Guideline Rule 201.10, he was disabled as of his fiftieth birthday.  Accordingly, on remand the Commissioner shall award benefits based upon the claimant's becoming disabled as of his fiftieth birthday.

      **IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **REVERSED** and **REMANDED FOR AN AWARD OF BENEFITS**.

      This, the 11th day of May, 2015.

      /s/ Jane M. Virden
      U. S. MAGISTRATE JUDGE